Mr. Donald R. Tims 4410 West 25th Little Rock, AR 72204
Dear Mr. Tims:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA") which provides, under A.C.A. § 25-19-105(c)(3)(B) (Supp. 1995), for the Attorney General's review of the records custodian's decision with respect to the release of personnel or evaluation records. Your request pertains specifically to your statement concerning sexual harassment and the investigation that followed. You have sought access to your statement and the transcript of the investigation including statements of witnesses. The custodian of the records has denied your request, stating that the employee (subject of your complaint) was neither suspended nor terminated following the investigation and, therefore, "all documents [related to this incident] would be confidential and not releasable to the public." Letter from Judy Besancon to Donald R. Tims (September 23, 1996).
It must be initially noted that not having viewed the records in question, I cannot specifically determine whether the custodian has properly denied access to particular documents. I will, however, set forth the applicable law that guides the custodian's decision.
As a general matter, "employee evaluation or job performance records" (including "preliminary notes and other materials") are disclosable only if the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) there is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
Thus, as to those records which in fact constitute evaluation or job performance records, it is my opinion that the custodian has properly determined that such records are not subject to disclosure under the FOIA because the individual was neither suspended nor terminated. In this regard, I have previously opined that documents such as written reprimands, letters of caution, documents related to demotions, and other such disciplinary records generally fall within the "job performance records" exemption. See, e.g., Ops. Att'y Gen. 93-105, 93-055, 92-231, 92-191, 91-324 and 91-303. As a general matter, additionally, records which reflect administrative action in response to or in connection with a complaint will fall within the evaluation or job performance category.See Op. Att'y Gen. 96-324. I have also previously opined on numerous occasions that records of investigations into alleged employee misconduct are generally covered by the "employee evaluation or job performance records" exemption. See, e.g., Ops. Att'y Gen. 96-257, 96-168, 94-127, and 92-207. I thus recently concluded that records which were created as part of an inquiry into or investigation of sexual harassment allegations were exempt from disclosure where there had been no suspension or termination decision. Op. Att'y Gen. 96-257.
The custodian of the records in this instance must therefore make a factual determination, employing the above legal analysis, as to whether the records you are seeking fall within the exemption for employee evaluation or job performance records. While a fact question may remain as to particular documents, it is my opinion that a transcript of an investigation, including witness statements, would probably be covered. With regard, however, to your statement, which presumably contains the allegation of sexual harassment, it is my opinion that the exemption under § 25-19-105(c)(1) will not apply if the statement was not made or given as part of the agency inquiry or investigation. See Op. Att'y Gen.96-257 and 96-257A (involving a complaint which was not solicited by the employer for evaluation purposes), citing Ops. Att'y Gen. 96-168 and 96-033 (concluding that a previously prepared document which is not otherwise exempt cannot be transformed into a job performance record by a supervisor's later acts in conducting an investigation or preparing an evaluation). Thus, it is my opinion that the custodian's decision to deny access to your statement is probably contrary to the FOIA if it was not created for evaluation or investigation purposes, with the possible exception of any intimate information that might give rise to a privacy interest. See generally Ops. Att'y Gen. 96-258, 96-257 and 95-131.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh